### LAURA MARR
*vs.*
### SMITH SHOES, INC.

Superior Court      Fairfield County      File No. 58053

MEMORANDUM FILED MARCH 11, 1940.

*Milton J. Herman,* of Bridgeport; *David R. Lessler,* of Bridgeport, for the Plaintiff.

*Taylor & Tribou,* of Hartford, for the Defendant.

FOSTER, J.   On April 6, 1939, the defendant operated a store at 1192 Main Street in Bridgeport.   The line of the building was coincident with the street line.   The entrance doors were in about the center of the building and 14 feet back from the sidewalk.   From the entrance doors the entrance flared out to the sidewalk with show windows on each side.   The entrance had as a floor or pavement red quarry tile.   The entrance pitched from the doors to the sidewalk one-half inch in the 14 feet.   When such a tile pavement became wet it became slippery.   It was good building practice to use such tile as was here used, but, when so used, it was good practice to cover it with mats of rubber, cork, or metal, when it was wet.

On April 6, 1939, it rained during the forenoon and up to 2 p.m.   No mat of rubber, cork or metal was laid over the tile floor.   At 2 p.m. the plaintiff attempted to cross this tile floor to enter the defendant's store to make a purchase.   She wore rubbers.   By reason of the slippery condition of the tile floor, she slipped and fell to the floor and was injured.   She was lifted to her feet and, after composing herself, she continued her course into the store and made a purchase.   Soon thereafter, while sitting in a dentist's office, to which she had accompanied a friend, she became faint.   Aid was administered to her, and she was taken home and put to bed where she remained about a week.   She suffered a sprain and contusion of

the posterior side of her chest and also her back over the coccyx and also a sprain of the right wrist. She has been treated by a physician more or less constantly ever since that time, though her condition is materially improved. She still suffers pain in her lower back and side periodically. Her pain has been such that as late as March 6, 1940, she, on the advice of her physician, had an X-ray photograph taken of her lower back, for the purpose of determining the basis and cause of her persisting pain and discomfort.

The defendant offers practically no evidence controverting these facts.

The only question in the case is whether the defendant used reasonable care in the maintenance of the entrance.

The rain had continued several hours before the plaintiff fell, and the defendant knew, or in the exercise of reasonable care ought to have known, of the wet and slippery condition of the pavement of the entrance. One of the defendant's employees, part of whose duty it was to aid in cleaning the entrance, testifies that when wet the entrance pavement was slippery, especially to one wearing shoes with rubber soles. No evidence is offered by the defendant controverting the fact that this pavement when wet should have been covered by a mat of rubber, cork or metal to render it reasonably safe for the invitees of the defendant, such as was the plaintiff. No claim is made that the plaintiff was guilty of any contributory negligence. Plaintiff's doctor's bill was $96; her bill for X-ray photograph was $15; her cost for extra help at home by reason of her injuries is $12; she has suffered pain and discomfort since receiving her injury and will continue to suffer such pain and discomfort for some indefinite time in the future.

Judgment is rendered that the plaintiff recover from the defendant damages of $1,623.